UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA

                                        89 Cr. 0099 (LLS)

    - against -                    **OPINION AND ORDER**

MIGUEL CHAPARRO,

                Defendant.
- - - - - - - - - - - - - - - - - -X

Miguel Chaparro moves to reduce his sentence under 18 U.S.C. § 3582(c)(2), which provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

He argues that Amendment 750 to the U.S. Sentencing Guidelines (the "Guidelines"), which reduced the base offense levels for certain crack cocaine offenses, lowered his sentencing range, and that his rehabilitation justifies his immediate release from prison. Mr. Chaparro and the Government dispute the quantity of crack attributable to him for purposes of determining whether his sentence should be reduced. He claims that the amended guidelines should be applied using a quantity of 500 grams

because, at his sentencing hearing, I did not specify how much over that amount his organization in fact sold. The Government contends that he is responsible for a much higher quantity. For the reasons which follow, the motion is granted.

1.

On April 24, 1989 Mr. Chaparro pled guilty to narcotics conspiracy under 21 U.S.C. § 846 and aiding and abetting an assault on a federal officer under 18 U.S.C. § 111. On March 27, 1992 I sentenced him to 360 months in prison under a guidelines range of 360 months to life in prison. To date, he has served roughly 280 months of that sentence.

Under 18 U.S.C. § 3582(c)(2), Mr. Chaparro "is eligible to have his sentence modified only if the amended Guidelines provide for a lower sentencing range than did the former Guidelines." United States v. Johnson, 633 F.3d 116, 117 (2d Cir. 2011) cert. denied, 131 S. Ct. 2980 (U.S. 2011).

Under the 1988 Guidelines, the sentencing range applicable to Mr. Chaparro was 360 months to life in prison. That range was calculated by applying a base offense level of 36 for conspiracy to distribute more than 500 grams of cocaine base ("crack"), enhancements of 4 levels for his lead role in the conspiracy and of 2 levels for his use of a firearm during commission of the offense, a reduction of 2 levels for his cooperation in the prosecution of his co-conspirators, and

Criminal History Category IV given his prior convictions.

Amendment 750 to the Guidelines, which took effect on November 1, 2011, reduced the base offense levels for certain quantities of crack, and applies retroactively under Guidelines § 1B1.10(c) to previously sentenced defendants. As amended, the Guidelines now provide the following relationship between drug quantity and sentencing range (given the same enhancements, reductions and criminal history category, which are not subject to modification under Amendment 750):

| **Weight of Cocaine Base** | **Applicable Sentencing Range*** |
|---|---|
| 196g to 280g | 210 months to 262 months |
| 280g to 840g | 262 months to 328 months |
| 840g to 2.8kg | 324 months to 405 months |
| 2.8kg to 8.4kg | 360 months to life |

*The Applicable Sentencing Range assumes an offense level enhanced four levels above the base and a Criminal History Category of IV.

2.

During Mr. Chaparro's sentencing on March 27, 1992 there was considerable discussion about the amount of crack distributed for which Mr. Chaparro should be held responsible, which directly bore on whether "the calculation of the offense level at 36 based on the volume of crack involved should be sustained." (Sentencing Tr. p. 16). Several sources of information on that point were available, e.g., the presentence report, the testimony of Mr. Chaparro and Mr. Irizarry in

- 3 -

different proceedings and documents, and the record of the trial before me of Mr. Chaparro's co-conspirators. With that material freshly in mind and discussed upon the sentencing record, I concluded:

> The testimony at trial was essentially that the distribution on a daily basis varied between 100 and 1200 vials of crack, 1200 being an extremely good day, and presumably a rather rare day, but 100 being the production and distribution on even a less busy day.
>
> If the finding were 100 vials per day it would easily support the 500 grams required to justify and produce an offense level of 36, and I so find.

Id. at 17.

That determination amounted to no more than finding that Mr. Chaparro was responsible for at least the 500 grams required to produce an offense level of 36; in fact much of the trial evidence could have supported a finding of a considerably larger amount. However, I made no finding of a larger amount then and, over 20 years later, I make no such finding now. While different calculations could find support in the evidence and be made retroactively, they were not without dispute and would lack the degree of confidence necessary to impose confinement for a further number of years. The 500 gram determination was conservative and solid when made; it remains so, and will be adhered to for the purposes of the present application.

The 500 gram weight yields a base offense level of 32, which (with the enhancements, reductions and adjustments

applicable in this case) provides for 262-328 months, or in more familiar terms 21 years, 10 months to 27 years, 4 months. Mr. Chaparro has served approximately 23 years, 4 months. On the basis of my review of all the considerations to be taken into account in determining a proper sentence, it is appropriate to release him now.

## CONCLUSION

The motion (Dkt. No. 190) is granted. Mr. Chaparro shall be released 10 calendar days after the entry of this order, or on August 19, 2012, to allow the Government to conduct appropriate pre-release procedures in accordance with law.

The applicable provisions for supervised release, and other release conditions remain in effect.

So ordered.

Dated: New York, New York
       August 9, 2012

                                                */s/ Louis L. Stanton*
                                                LOUIS L. STANTON
                                                U.S.D.J.